# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

KEITH ALEXANDER,                    :

    Plaintiff              :        CIVIL ACTION NO. 3:14-678

  v.                                  :            (Judge Mannion)

GERALD ROZUM, <u>et</u> <u>al</u>.,         :

## MEMORANDUM

## I. Background

    Plaintiff, Keith Alexander, an inmate confined in the State Correctional Institution, Coal Township, ("SCI-Coal Township"), Pennsylvania, filed the above captioned action pursuant to 42 U.S.C. §1983. (Doc. 1, complaint). The named defendants are the following SCI-Coal Township employees: Nurse Supervisor Yakiel, Superintendent Mooney, Superintendent Secretary Leonard, Physician Assistant Davis, Former Health Care Administrator McCarthy, and Acting Health Care Administrator Confer. Id. Plaintiff also names the following employees of the State Correctional Institution, Somerset, ("SCI-Somerset"), Pennsylvania: Superintendent Rozum, Deputy Superintendent Gibson, Chief Health Care Administrator Thomas, and Dr. Dascani. Id. Finally, Plaintiff names the following Department of Corrections Employees: Director of Bureau of Health Care Services Ellers, and Attorney

Fulginiti. Id.

Plaintiff's complaint begins with his 2004 biopsy, conducted at the State Correctional Institution, Cresson, Pennsylvania, with a diagnosis of "Lichenoid Chronic Dermatitis", continues with the June 13, 2011 change in diagnosis, by the medical staff at SCI-Somerset, from "Lichenoid to Seborrheic Keratosis[1]", and concludes with his November 11, 2012 transfer to SCI-Coal Township, where the alleged misdiagnosis of his condition continues to this day. (Doc. 1, complaint).

By Memorandum and Order dated July 25, 2014, initial screening of the complaint was conducted and the complaint was dismissed pursuant to 28

---

[1] Plaintiff attaches to his complaint the medical definition of Seborrheic Keratosis which defines the condition as follows:

> Seborrheic Keratosis are benign, wart like lesions of various sizes and colors, ranging from light to tan to black. They are usually located on the face, shoulders, chest, and back and are the most common skin tumors seen in middle-age and elderly people. They may be cosmetically unacceptable to the patient. A black Keratosis may be erroneously diagnosed as malignant melanoma. Treatment is removal of the tissue by excision, electrodesiccation (destruction of the skin lesions by monopolar high frequency electric current) and curettage, or application of carbon dioxide or liquid nitrogen. However, there is no harm in allowing these growths to remain because there is no medical significance to their presence.

(Doc. 1 at 9, Exhibit A, Management of Patients with Dermatologic Problems).

U.S.C. §1915(e)(2)(B)(ii), for failure to state a viable claim. (See Docs. 23, 24). Presently before the Court is Petitioner's motion for reconsideration of this Court's July 25, 2014 Memorandum and Order. (Doc. 36).

For the reasons set forth below, Petitioner's motion for reconsideration will be denied.

## II. Discussion

A motion for reconsideration is a device of limited utility. It may be used only to seek remediation for manifest errors of law or fact or to present newly discovered evidence which, if discovered previously, might have affected the court's decision. Harsco Corp. v. Zlotnicki, 779 F.2d 906 (3d Cir. 1985), cert. denied, 476 U.S. 1171 (1986); Massachusetts Mutual Life Insurance Co. v. Maitland, Civil No. 87-0827 (M.D. Pa. March 1, 1989) (Rambo, J.). Accordingly, a party seeking reconsideration must demonstrate at least one of the following grounds prior to the court altering, or amending, a standing judgment: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. Max's Seafood Café v. Quineros, 176 F.3d 669, 677 (3d Cir.

1999)(citing North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)). A motion for reconsideration is appropriate in instances where the court has "...misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning, but of apprehension." See Rohrbach v. AT & T Nassau Metals Corp., 902 F. Supp. 523, 527 (M.D. Pa. 1995), vacated in part on other grounds on reconsideration, 915 F. Supp. 712 (M.D. Pa. 1996), quoting Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983). It may not be used as a means to reargue unsuccessful theories, or argue new facts or issues that were not presented to the court in the context of the matter previously decided. Drysdale v. Woerth, 153 F. Supp. 2d 678, 682 (E.D. Pa. 2001). "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." Continental Casualty Co. v. Diversified Indus. Inc., 884 F. Supp. 937, 943 (E.D. Pa. 1995).

A review of the Court's July 25, 2014, Memorandum and Order reveals the following with respect to Plaintiff's allegations of inadequate medical care:

> The allegations in Plaintiff's complaint, and his supporting documentation, clearly demonstrate that Plaintiff received medical attention, and that the attention Plaintiff received lacks the requisite deliberate indifference to support a Section 1983 claim.

4

Plaintiff has been continually assessed, monitored and treated since his first biopsy in 2004.

At best, Plaintiff's complaint demonstrates his disagreement with medical personnel. Though he may believe that the lesions on his legs should have been removed, in contradiction to the medical information he was supplied with and the Medical staffs' judgment, his disagreement with the course of action that the medical department at two institutions took based on the symptoms he presented, is not enough to state a §1983 claim. Sample v. Diecks, 885 F.2d 1099, 1109 (3d Cir.1989) (citing Estelle, 429 U.S. at 105–06 (in the medical context, an inadvertent failure to provide adequate medical care cannot be said to constitute an unnecessary and wanton infliction of pain or to be repugnant to the conscience of mankind)).[2] This is particularly so in light of the fact that there are no allegations in the complaint that any of the Defendants intentionally withheld medical treatment from Plaintiff in order to inflict pain or harm upon Plaintiff. Farmer; Rouse. Thus, the allegations in the Plaintiff's complaint amount to nothing more than Plaintiff's subjective disagreement with the treatment decisions and medical judgment of the medical staff at the prison. At most, the allegations in the complaint only rise to the level of mere negligence. As simple negligence can not serve as a predicate to liability under §1983, Hudson v. Palmer, 468 U.S. 517 (1984), Plaintiff's civil rights complaint fails to articulate an arguable claim. See White, 897 F.2d at 108-110.

---

[2]Even holding Plaintiff's complaint to the less stringent pleading standards of pro se plaintiffs, the allegations do not sufficiently allege deliberate indifference. Plaintiff does not suggest that both institutions' medical staff were aware that there was an excessive risk to his health or safety but wantonly refused to provide him medical care. Spruill v. Gillis, 372 F.3d 218, 236 n. 12 (3d Cir.2004) (stating that while a pro se complaint should be read liberally, an inmate plaintiff must still allege that defendant was aware of the risk and intentionally disregarded it).

> Moreover, to the extent that Plaintiff believes that he has been misdiagnosed, mere misdiagnosis or negligent treatment is not actionable as an Eighth Amendment claim because medical malpractice is not a constitutional violation. Estelle, 429 U.S. at 106. Indeed, prison authorities are accorded considerable latitude in the diagnosis and treatment of prisoners. Durmer, 991 F.2d at 67. Once again, "mere disagreements over medical judgment" do not rise to the level of an Eighth Amendment violation. White, 897 F.2d at 110.
>
> Before dismissing a complaint for failure to state a claim upon which relief may be granted, the Court must grant the Plaintiff leave to amend his complaint unless amendment would be inequitable or futile. See Grayson v. Mayview State Hospital, 293 F.3d 103, 114 (3rd Cir.2002). Since it is clear from Plaintiff's complaint, and supporting documentation, that Plaintiff received adequate medical treatment throughout his incarceration at both SCI-Somerset and SCI-Coal Township, and merely disagrees with the treatment he received during this time, the Court finds that amendment on these claims would be futile.

(Doc. 23, Memorandum at 12-14).

With respect to Defendants Rozum, Gibson, Thomas, Ellers, Mooney, Leonard, McCarthy and Confer, the Court dismissed these Defendants from the action, finding "that other than being listed as Defendants there are no specific assertions that any of these Defendants had any personal involvement in the purported violations of Plaintiff's rights under the Eighth Amendment. Rather, the claims asserted against these Defendants are premised either upon their respective supervisory positions within the DOC or their handling of Plaintiff's subsequent institutional grievances and

6

appeals." (Doc. 23, Memorandum at 16-17).

Plaintiff argues in his motion for reconsideration that this Court's July 25, 2014, Memorandum and Order should be reconsidered on the basis that "he has not received any medical care after November 23, 2011, for his condition" and that this would be verified if this Court "would, on its own motion retrieve the medical records of the Plaintiff dating from November 23, 2011, to present for reviewing in considering Plaintiff's motion." (Doc. 36, Motion for Reconsideration at 1).

Plaintiff's conclusory statements, not only fail to raise a clear error of law, they also fail to offer any support for a clear error of fact. Such arguments were previously raised in his original complaint, and rejected by this Court, as Plaintiff's own documentation attached to his complaint demonstrate that Plaintiff was seen and treated after November 23, 2011. (See Doc. 23 Memorandum at 2-7). Thus, the Court finds Plaintiff's argument to be nothing more than an attempt to re-litigate the matters already considered and disposed of by this Court. Plaintiff presents no evidence that this Court misunderstood or misinterpreted the law as it applies to his situation. Accordingly, this Court finds that its Order of July 25, 2014, is not troubled by manifest errors of law or fact and Plaintiff has not presented anything new,

which if previously presented, might have affected our decision. Consequently, the motion for reconsideration will be denied. An appropriate order shall follow.

                                             s/ *Malachy E. Mannion*
                                             **MALACHY E. MANNION**
                                             **United States District Judge**

**Dated: September 8, 2015**
O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2014 MEMORANDA\14-0678-02.wpd